Bliss, Williams & Co., plaintiffs in error *v.* William Perryman, defendant in error.

*Error to White.*

Where the plaintiff brought an action before a justice of the peace, upon a bond made by the defendant while an infant, and upon the trial the defendant pleaded and proved his infancy in bar; and thereupon the plaintiff made oath that he knew of no witness by whom he could prove the defendant's agreement since he became of age, to pay him $18 in full of the bond, except by his own oath, or that of the defendant, and prayed that the defendant might be sworn, which the Court refused to allow:   *Held* that the Court decided correctly, because the proof, if admitted, would have proved a different cause of action from that upon which suit was brought.

*Semble,* That an infant cannot bind himself by bond.

Where a plaintiff relies upon a new promise made after the defendant became of age—the original contract having been made during infancy—he should declare on the new contract.

This action was originally instituted before a justice of the peace of White County, who rendered judgment for the plaintiffs in error, for the amount of the note sued on.   The defendant appealed to the Circuit Court, where the cause was tried at the

October term, 1837, before the Hon. Justin Harlan, and judgment rendered for the defendant for costs. On the trial in the Court below, the following bill of exceptions was taken:

"Be it remembered that on the trial of this case, which was brought upon the following note, viz.—" Township, White county, Ill., 1835. By the first day of January next, 1836, for value received I promise to pay Bliss, Williams & Co. or their order, twenty-eight dollars with use. If one half of the above note is paid when due, then a credit is to be given on the other half for one year longer, 1837—This note was given for a windmill; if the signer is not suited with this mill, he is to return the same by the first day of March next, at Bliss, Williams & Co.'s factory in New Haven, and they are to furnish him a new mill at that place, provided the signer takes good care of the mill and keeps the same in his own barn. The above note is to be paid at P. Slater's store in New Haven. Witness my hand and seal this 9th day of February, 1835.

WILLIAM PERRYMAN, [L. S.]

Attest, THOMAS WOODS."

The defendant pleaded infancy, and proved that at the time of executing the note sued on, he was under 21 years of age. Whereupon the plaintiff introduced Elisha Smith, a witness, who proved that after the said defendant came of full age, he told him (the witness) that he had had a conversation with Williams, one of the plaintiffs, who had proposed to receive $18 in full of the note, and that he, Perryman, believed he would pay it to plaintiffs if he could procure the money, and if he could get the money, he believed he would go and see Williams, and pay it to him, but the witness did not understand from defendant that he had agreed with Williams, when they were together, to pay said sum of $18 in full of said note. Whereupon the plaintiff, Williams, offered himself to be sworn, and was sworn, that he had no witness, and knew of no witness, by whom he could prove the defendant's agreement with him to pay him $18 in full of said note, after he came of full age, except by his own oath or that of said Perryman, and prayed that said Perryman might be sworn, which the Court refused to allow, on the ground that such evidence could not be considered as proving any demand, discount, or set-off in the sense of the statute in such case made and provided. To which opinion of the Court in refusing to hear the testimony of said Perryman, or the plaintiff, Williams, the plaintiff by his counsel, excepts, and prays this his bill of exceptions may be sealed and allowed, and it is done accordingly.

J. HARLAN, [L. S.]"

H. EDDY, for the plaintiffs in error, contended that a con-

20*

Bliss *et al. v.* Perryman.

ditional promise was good. 4 Am. Dig. 325. Part payment, or promise to pay part, will bind the defendant to that extent, but no further. 2 Stark. Ev. 725.

The Court should have required the defendant to be sworn as a witness, or else admitted the oath of the plaintiff, Williams. R. L. 409.(1)

E. WEBB, for the defendant in error.

WILSON, Chief Justice, delivered the opinion of the Court:

This case originated before a justice of the peace. The bill of exceptions taken on the trial, contains all the proceedings, from which it appears that the plaintiff sued the defendant on a bond given by him for $28. The defendant pleaded infancy, and sustained his plea by proof. The plaintiff then set up a promise made by the defendant after he came of age, to pay the plaintiff $18 in lieu of the bond, but having failed in establishing this promise by disinterested testimony, he applied to the Court (under the statute making the oath of the party evidence in certain cases) to have the defendant sworn to prove his subsequent promise. The Court decided the evidence to be inadmissible, and refused to allow the party to be sworn. To reverse which opinion, this writ of error is prosecuted. It is clear that the plaintiff has mistaken the contract upon which he ought to have brought his action, and that the evidence which he offered was properly rejected. This evidence went to establish a different and distinct cause of action, from that upon which suit was brought. The action was instituted upon a contract under seal, for the payment of a specific sum of money, while that sought to be established on the trial, by the testimony which was rejected, was a parol agreement, entered into at a different time, and for the payment of a different amount. The admission of such testimony would not only have changed the character of the action, and the nature of the defence, but would have been a surprise upon the defendant. The plaintiff should have brought his action upon the subsequent parol promise, and not upon the bond. An infant cannot bind himself by bond, even for necessaries, and when the plaintiff relies upon a new promise made after full age, it is always necessary that he should declare upon the simple contract, which the new promise was meant to establish; and the infant will then be bound to the extent of his promise, even if the consideration of the original contract, (for which the latter is substituted,) was not for necessaries.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*

*Note.* See Carver *v.* Crocker, *Ante* 265.

(1) Gale's Stat. 420.